IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DALLAS B. DAVIS, #332286                          *
        Plaintiff,
       v.                                      *   CIVIL ACTION NO. RDB-13-2368

WARDEN TYRONE CROWDER                    *
DAVID BLUMBERG, MPC
        Defendants.                          *
                                       *****

## MEMORANDUM OPINION

Pending is self-represented Plaintiff Dallas B. Davis's ("Davis") Complaint filed pursuant to

42 U.S.C. § 1983. (ECF No. 1). Defendants, by their counsel, have filed a Motion to Dismiss or, in

the Alternative, for Summary Judgment. (ECF No. 11). Davis has filed an Opposition response.

(ECF No. 13). No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md.

2011). For reasons to follow, Defendants' Motion to Dismiss IS GRANTED.

## BACKGROUND

In his 42 U.S.C. § 1983 Complaint Davis seeks damages for each day he was illegally held

pending his court proceeding on a parole retaké warrant. Davis, who is confined at the Maryland

Reception Diagnostic and Classification Center ("MRDCC"), complains that he has been subject to

false imprisonment, cruel and unusual punishment, and atypical and significant hardships. He claims

that on February 8, 2013, he was arrested on a retake warrant and was taken for a "law review" on

March 25, 2013. Davis asserts he pled guilty with an explanation and was told he would be

provided with a speedy trial, but has not been provided with a revocation hearing as to the alleged

parole violations within the designated time period. (ECF No. 1).

## STANDARD OF REVIEW

### I.  Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

2

statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not

allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.").

## ANALYSIS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "' is not itself a source of

substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'"1

*Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3

(1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color

of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687,

707 (1999). To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48

(1988).

This Court reviews the facts and all reasonable inferences in the light most favorable to the

nonmoving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007); *Erickson*, 551 U.S. at 94, and

liberally construes Davis's pleadings in light of the fact that he is self-represented. *See Gordon v.*

*Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Defendants argue that Davis has failed to state a claim against them as he has not alleged any

specific allegations of personal wrongdoing on the part of Warden Crowder or Maryland Parole

---

1       Defendants argue that Davis's action may also be construed as a hybrid habeas corpus
petition and should be dismissed for the failure to exhaust remedies. This argument lacks merit as
Plaintiff does not seek habeas corpus relief.

Commission ("MPC") Chair Blumberg. (ECF No. 11). They further assert that Crowder is entitled to rely on a facially valid parole retake warrant to detain Davis at MRDCC and that Blumberg is entitled to absolute immunity for any actions taken in connection with Davis's parole release. (*Id.*)

In response, Davis argues that it is unlawful for the MPC/MRDCC to detain him pending the outcome of court proceedings. He further complains that while housed at MRDCC he was placed on segregation without given reason and was deprived of adequate access to a law library and the ability to wash his clothes. (ECF No. 13). Davis asserts that he filed numerous administrative remedy procedure grievances regarding these issues.

The gravamen of Davis's claim for damages is that was unlawfully held at MRDCC on the basis of an issued and executed parole retake warrant as the MPC failed to hold a timely revocation hearing. His Complaint is subject to dismissal.

In the absence of any documentation showing Davis's criminal and parole revocation history, the Court presumes that at the time he filed his Complaint he was not confined pursuant to a valid conviction. Therefore, he has a protected liberty interest in the scheduling of a prompt parole revocation hearing. *See Moody v. Daggett*, 429 U.S. 78, 87-88 (1976). Nonetheless, as correctly observed by Defendants, Davis raises no particularized claims against either the Warden or MPC Chair which connects them to any alleged due process violations. *See Ashcroft v. Iqbal*, 556 U.S. at 677 (government official is only liable for his or her own misconduct). Moreover, parole officials are entitled to absolute immunity from suits challenging conduct involving the preparation of parole revocation reports. *See Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1985); *Evans v. Dillahunty*, 711 F.2d 828, 831 (8th Cir. 1983). No cognizable § 1983 claim has been stated against the named

4

Defendants.[2]

## CONCLUSION

Plaintiff's claims against Defendants Crowder and Blumberg are legally unsupported.

Accordingly, Defendants' Motion to Dismiss will be granted. A separate Order follows.


Date: May 28, 2014

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2]     Further, Davis is advised that a civil rights claim for damages which raises challenges to the constitutionality of incarceration is not appropriate unless and until his revocation charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   His allegation, which is tantamount to a Fourteenth Amendment claim, is barred by the rule announced in *Heck* as a judgment in Davis's favor would necessarily imply the invalidity of his criminal detentions. The *Heck* bar applies to proceedings that call into question the fact or duration of parole or probation. *See Crow v. Penry*, 102 F. 3d 1086, 1087 (10th Cir. 1996). Therefore, a complaint for damages is barred under the rule of *Heck*.